UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Dante Silva

   v.                                               Civil No. 09-cv-388-JD

Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Before the Court for preliminary review is Dante Silva's petition for a writ of habeas corpus (document no. 1) filed pursuant to 28 U.S.C. § 2254.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid).  As discussed herein, I find that the petition is facially valid and may proceed.

Background

Dante Silva was convicted, after a jury trial, of dispensing a controlled drug with death resulting in the Rockingham County Superior Court.  He then filed a direct appeal.  The New Hampshire Supreme Court ("NHSC") affirmed his conviction on November 20, 2008 and denied Silva's motion to reconsider on

December 17, 2008.  <u>See</u> <u>State v. Silva</u>, 158 N.H. 96, 960 A.2d 715 (2008).

Silva now alleges that his conviction violates his Sixth Amendment right to confront the evidence against him. Specifically, Silva claims his Sixth Amendment right to confront the evidence against him was violated when the trial court allowed a certifying scientist to testify in lieu of the person who actually performed the drug analysis in Silva's case.  The trial court also improperly allowed the admission of a lab report into evidence.[1]

<u>Discussion</u>

Under 28 U.S.C. § 2254, the federal courts are authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  To properly assert claims for habeas relief, Silva must show that he is both in custody and has exhausted all state court remedies, or that he is excused from exhausting those remedies because of an

---

[1]The claims identified in this Order will be considered to be the claims raised in the habeas petition for all purposes.  If the petitioner objects to the identification of the claims herein, he must properly move to amend his petition.

absence of available or effective state corrective process.  See 28 U.S.C. § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct., 663 F.2d 355, 358-59 (1st Cir. 1981).

A petitioner's remedies in New Hampshire are exhausted when the state's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).

Silva's petition demonstrates that he has met § 2254's custody requirement, as he is incarcerated in the New Hampshire State Prison pursuant to the challenged conviction.  Silva has also demonstrated exhaustion of the federal constitutional claims in his petition, as those claims have been presented to the NHSC

for consideration.  See Silva, 158 N.H. at 100-04, 960 A.2d at 718-21.

## Conclusion

As Silva's petition is facially sufficient, it may proceed. The petition shall be served upon Respondent Richard Gerry, the Warden of the New Hampshire State Prison.  Respondent shall file an answer or other pleading in response to the allegations made therein.  See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service copies of this Order and Silva's habeas petition (document no. 1).

Respondent is directed to answer or to otherwise plead within thirty days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper,

after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorney(s).

    **SO ORDERED.**

                                                              _/s/ James R. Muirhead_
                                                               James R. Muirhead
                                                              United States Magistrate Judge

Date:    December 22, 2009

cc:     James W. Dennehy, Esq.

JM:jba